METAL PRODUCTS CORP. v. R. E. THORNTON CO.

(District Court, D. Rhode Island.   December 11, 1915.)

No. 42.

PATENTS ⚙═►328—VALIDITY AND INFRINGEMENT—GEM SETTING.

The Dover patent, No. 795,109, for a gem setting, narrowly construed, as it must be to avoid anticipation in the prior art, *held* not infringed.

In Equity.   Suit by the Metal Products Corporation against the R. E. Thornton Company.   On final hearing.   Decree for defendant.

F. Webster Cook, of Providence, R. I., and Browne & Woodworth, of Boston, Mass., for complainant.

James H. Thurston, of Providence, R. I., for respondent.

BROWN, District Judge.   The bill charges infringement of letters patent 795,109, July 18, 1905, to George W. Dover, for gem setting. Claim 2 only is in suit.

"2. The improved gem setting herein described, consisting of a tubular body portion having at one end a concentric annular flange integral therewith, but of an external diameter less than that of said body portion and of an internal diameter greater than that of the bore of said tubular body portion."

The specification states that the invention relates to gem settings, commercially known as "box settings," in which the setting comprises a tubular or polygonal body portion and an annular flange extending peripherally from the top portion thereof, and adapted to be bent over to fasten a gem in position.

The old form of box setting is illustrated in Figure 12 of the patent drawings, and consists of a tube with its inner, upper portion beveled so as to form a seat for the gem.   The beveling of the tube reduces the thickness of the upper portion, which constitutes an annular flange, adapted to be bent over to fasten a gem into position. The improvement was for the purpose of adapting such box settings for use in grouping or clustering gems set in such box settings.   The patentee says:

"The reason why these box settings cannot be used in clusters is that if two or more of them are placed in contact one with another, and solder is applied to unite such contiguous surfaces, the solder, as is well known, flows as far as the contiguous surfaces are in contact."

The result is said to be that the flanges become soldered to each other and cannot be bent over to engage the gems.   By making the tubular body portion of a diameter exceeding the diameter of the annular flange a shoulder was formed, and by this shoulder or extension the flanges of two gem settings were separated, and when the solder was applied it extended only to the tubular portions below the flanges, and thus the flanges were prevented from being soldered together.

This was an improvement over a tubular setting of the type exhibited in Figure 12, in which the exterior of the flange was flush with the exterior of the tubular setting.

---

The defendant has proved, however, that in the prior practical art there were box settings made of flat stock with a flange designed to be bent over to confine a gem; the outer portion of the body being at a considerable distance from the flange, so that, if one desired to solder these together in clusters there was no danger that the solder would unite the flanges of contiguous settings, or prevent them from being bent over to confine the gems. It thus appears that the difficulty in soldering which Dover overcame was one peculiar to a particular tubular form of gem setting, in which the flange was of the same external diameter as the rest of the setting.

The defendant's setting cannot be properly described as a "tubular setting." It is stamped out of flat stock, the central portion of which is raised by stamping, and the flange is formed by punching.

There is no evidence that defendant's settings have in fact ever been soldered together to produce cluster work, or that they are designed, sold, or used for this purpose. They are designed as individual settings. The argument of the complainant is that they are adapted to be clustered; but apparently they have no greater adaptation for this purpose than any flat circular pieces—for example, two 10-cent pieces—for the external walls of the defendant's settings, which would be brought in contact in clustering, are substantially the thickness of the flat stock. For the purpose of soldering together, they are discs rather than tubular settings, like those illustrated in the Dover patent, which, when clustered, would have contiguous surfaces of considerable extent.

If, however, we could accept the complainant's argument that the body portion of the defendant's setting is tubular, rather than flat, with a slightly raised and perforated central portion, the result would be abundant proof of the anticipation of the claim in suit thus construed. The proof of the anticipating exhibits is of a most satisfactory character. Defendant's Exhibits G, H, J, K, L, and M clearly anticipate the claim, if construed so broadly as to cover the defendant's gem settings.

Whether Dover's patent, when properly limited, exhibits patentable invention, it is not necessary to decide. When so limited, it is not infringed by the defendant; and, if construed broadly enough to include the defendant's gem settings, it is void by reason of anticipation.

The bill will be dismissed.

A draft decree may be presented accordingly.